IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIMBERLY A. CORNTHWAITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-CV-0595-JO |
| v. ) | |
| ) | |
| CAROYLYN W. COLVIN, Acting Commissioner ) | OPINION AND ORDER |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

JONES, J.,

    Plaintiff Kimberly Cornthwaite appeals the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

### PRIOR PROCEEDINGS

    Cornthwaite alleged disability due to injuries suffered in a motor vehicle accident in September 2003. She satisfied the insured status requirements of the Social Security Act through

1 - OPINION AND ORDER

June 30, 2007. She must establish that she was disabled on or before that date to prevail on her claim. 42 U.S.C. § 423(a)(1)(A). *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998).

In the 2003 accident, Cornthwaite injured her right shoulder, back, neck, and head. Afterwards, she suffered symptoms of post traumatic stress disorder ("PTSD"), including anxiety and depression. She alleges that her impairments cause pain, weakness in the right arm, numbness in the hands, swelling in the knees, short term memory loss, nightmares, and discomfort in crowds. She also alleges that her medications impair her ability to concentrate.

The ALJ applied the sequential disability determination process described in 20 C.F.R. § 404.1520. *See Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). The ALJ found that Cornthwaite's ability to work was limited by obesity, the residual effects of the injuries she suffered in 2003, chronic pain in the neck, shoulder, and back, denervated right deltoid muscle, mild osteoarthritis in the right knee, depression, anxiety, PTSD, and a history of alcohol abuse. The ALJ found that, despite these impairments, Cornthwaite retained the residual functional capacity ("RFC") to perform light work that did not involve constant reaching or more than occasional postural activities such as stooping, balancing, crawling, and so forth. The ALJ found Cornthwaite limited to unskilled work involving routine repetitive tasks with simple instructions and only brief, indirect contact with the general public. The vocational expert ("VE") testified that a person having Cornthwaite's RFC could perform the activities required in occupations such as shipping and receiving weigher, groover and stripper operator, and gate guard, which represent hundreds of thousands of jobs in the national economy. The ALJ therefore concluded that Cornthwaite was not disabled within the meaning of the Social Security Act at any time before her insured status expired in June 2007.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

**DISCUSSION**

**I.    Claims of Error**

Cornthwaite contends the ALJ erred in his RFC assessment by relying on the findings of reviewing physicians Martin Kehrli, M.D., Richard Alley, M.D., and Frank Lahman, Ph.D. Cornthwaite also contends the ALJ erroneously failed to consider the side effects of her medications when assessing her RFC.

**II.    Opinions of Reviewing Physicians**

The Commissioner relies on medical and psychological consultants to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. 20 C.F.R. § 404.1527(f); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180. These consultants do not treat or examine the claimant, but form their opinions by reviewing the medical evidence in the case record. An ALJ is not bound by the findings of reviewing consultants, but may not ignore their opinions and must explain the weight given to their opinions in his or her decision. SSR 96-6p.

3 - OPINION AND ORDER

The ALJ relied on such consultants in assessing Cornthwaite's RFC. In April 2006, Dr. Kehrli reviewed Cornthwiate's medical records and the other evidence in the case to identify the physical impairments supported by the record and to determine the functional limitations they could reasonably be expected to produce. He recorded his physical residual functional capacity assessment on a standard agency worksheet. Admin. R. 579-86.

In December 2006, Dr. Alley reviewed the evidence in the record, including evidence added after Dr. Kehrli's review. Dr. Alley agreed with the limitations found by Dr. Kehrli, and affirmed the previous physical residual functional capacity assessment. Admin. R. 587.

On December 28, 2006, Dr. Lahman reviewed the entire case record and gave his opinion of the mental impairments supported by the evidence. Admin. R. 590-603. He recorded his assessment of Cornthwaite's mental residual functional capacity on a standard agency form. Admin. R. 604-07.

In his written decision, the ALJ discussed the opinions of Drs. Kehrli, Alley, and Lahman, as well as the objective medical evidence, the opinions of treating and examining medical sources, and the non-medical evidence. Admin. R. 26-32. The ALJ found the conclusions of Drs. Kehrli, Alley, and Lahman consistent with the record as a whole, and adopted their conclusions in his RFC assessment. Admin. R. 31. In explaining why he gave weight to these opinions, the ALJ said that the reviewing physicians were experts in Social Security disability programs, their opinions were well supported by the medical evidence in the record, and they considered the medical evidence objectively, without sympathy or prejudice to the claimant's interests. Admin. R. 31.

Cornthwaite contends that the ALJ erred by relying on these opinions. First, she argues that Dr. Kehrli did not provide sufficient supporting information in the commentary section of the

4 - OPINION AND ORDER

physical RFC form. She points out that Dr. Alley provided less supporting explanation when he affirmed Dr. Kehrli's assessment. These objections have no merit. The opinions of agency medical consultants are entitled to weight insofar as they are supported by evidence in the case record, whether it is evidence considered by the reviewing physician or evidence presented later to the ALJ or the Appeals Council. SSR 96-6p. It is clear from the written decision that the ALJ considered the entire record, including all the medical evidence, in determining that Dr. Kehrli's opinion was well supported by the medical evidence. Because Dr. Kehrli's assessment is supported by the medical evidence, it does not matter that his summary comments are brief.

Cornthwaite also objects because the name Joe Lynne Rader appears in the commentary section of Dr. Kehrli's physical RFC worksheet. It should be no surprise that reviewing physicians have the assistance of support personnel in processing the voluminous information they must review - it would be naive to think otherwise. This does not mean, as Cornthwaite suggests, that Dr. Kehrli failed to review the medical evidence in the record. It means that others, in addition to Dr. Kehrli have considered the evidence. The court is aware of no authority, and Cornthwaite has cited none, under which the participation and assistance of other agency analysts in the review process is legally erroneous.

Cornthwaite challenges Dr. Lahman's mental RFC assessment because it does not mention a progress note dated June 1, 2006, from an office visit with Gina Remington, M.D. Cornthwaite told Dr. Remington "she thinks she has been more depressed in the last couple of weeks" and "she thinks [her depression comes from] frustration from not being able to do all the things that she used to do and some short term memory problems." Admin. R. 559, quoted at Pl.'s Brief 9. The quoted statements are not Dr. Remington's medical findings, but Cornthwaite's subjective description of

5 - OPINION AND ORDER

an exacerbation in symptoms. Dr. Remington did not change her diagnostic impression or suggest any functional limitations during the June 2006 office visit. Cornthwaite did not even require a change in the dosage of her antidepressant medication. The progress note from June 2006 does not include any objective findings or clinical observations by Dr. Remington. Indeed, the ALJ found that all of Dr. Remington's treatment notes lacked clinical, objective evidence supporting functional limitations. Admin. R. 30. There is simply no basis to conclude that Dr. Lahman's omission of the quoted subjective statements or the ALJ's reliance on Dr. Lahman's opinion are legally erroneous.

Finally, Cornthwaite contends the ALJ should not have relied on the reviewing physicians' opinions because the consultants did not have an opportunity to consider the lay witness testimony Cornthwaite's husband gave in July 2010. Cornthwaite's argument fails to identify any specific functional limitation supported by the lay witness testimony that contradicts the ALJ's RFC assessment. The lay witness said that Cornthwaite's anger is a daily problem, for example, but did not indicate a particular activity that she would be unable to do. The ALJ considered the lay witness statements, and found them consistent with the limitations in his RFC assessment and inconsistent with total disability. Admin. R. 31. Without specifying what limitations she believes the lay witness testimony shows, Cornthwaite's brief does not make her argument with sufficient particularity to present an issue for the court to address. *See Valentine v. Comm'r Soc. Sec. Admin.*, 674 F.3d 685, 692 n. 2 (9th Cir. 2009) (declining to consider claim that the ALJ failed to account for knee and shoulder impairments in some unspecified way where the claimant did not detail the functional limitations following from evidence of knee and shoulder injuries); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (declining to consider issue not argued with specificity in the claimant's brief).

6 - OPINION AND ORDER

The Social Security Act places the burden of producing evidence and proving the functional limitations that make up a claimant's RFC on the claimant. 42 U.S.C. § 423(d)(5); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). Cornthwaite cannot sidestep this burden with vague arguments that the ALJ's reliance on reviewing consultants might have caused unspecified inaccuracies in the RFC assessment. Cornthwaite's argument cannot be sustained because she failed to produce credible evidence showing that she has limitations exceeding those in the ALJ's RFC assessment.

## III.  Medication Side Effects

Cornthwaite contends the ALJ failed to include side effects of her medications in his assessment of her RFC. Again, the burden of producing evidence and proving functional limitations is on the claimant. 42 U.S.C. § 423(d)(5); *Roberts*, 66 F.3d at 182. Cornthwaite failed to provide evidence of functional limitations from medication side effects. In a written pain questionnaire, Cornthwaite alleged that her medications for pain and anxiety caused "sleepiness, loss of energy, loss of concentration." Admin. R. 270. Other than this subjective statement, she offered no evidence that her medications caused any limitation in her ability to perform basic work-related activities. During her hearing testimony, Cornthwaite and her counsel engaged in a discussion of her medications, but did not mention side effects. Admin. R. 59-63. In his hearing testimony, Cornthwaite's husband did not mention side effects of medications. Admin. R. 75-79. Cornthwaite has not cited any medical evidence indicating that side effects have been clinically observed or treated. She did not cite occasions when she complained to her physicians about side effects or show that physicians had concerns or attempted to change medications due to side effects. By all indications, Cornthwaite's medications have been effective. Cornthwaite's subjective questionnaire remains the only evidence

7 - OPINION AND ORDER

of side effects and it does not indicate the intensity, frequency, or limiting impact of the side effects. It does not describe activities she cannot do as a result of her medications. In any case, the ALJ found that Cornthwaite's subjective statements were not fully credible. In short, Cornthwaite has not identified any credible evidence that her medications produce side effects that have a significant impact on her ability to work.

An ALJ has a duty to assist the claimant in developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The burden of proof remains with the claimant, however, and she must provide evidence that is complete and detailed enough to enable the Commissioner to make a disability determination. 20 C.F.R. § 404.1512. *See Bowen v. Yuckert*, 482 U.S. 137, 140 n. 5 (1987) (claimant is in the best position to provide information about her medical condition and identify sources of such information). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Cornthwaite did not produce sufficient evidence of functional limitations from side effects to trigger the ALJ's duty to conduct further inquiry. The absence of any evidence of functional impairment from side effects is simply a failure of proof by the claimant and not an error on the part of the ALJ.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this 3rd day of July, 2013.

Robert E. Jones, Senior Judge
United States District Court